# NILS FEKJAR, Respondent, v. IOWA STATE LIVE STOCK INSURANCE COMPANY, a Corporation, Appellant.

(177 N. W. 455.)

**Insurance — defense that policy was obtained by false representations — the question of the falsity of the representations was for the jury.**

This is an appeal from a judgment against defendant for $1,000 on its

insurance of a registered Belgian stallion that weighed 2,000 lbs and was worth $2,200. The defense is that the insurance for which defendant received $100 was obtained by a false representation, which was that the horse never had colic, while in the proof of loss it is written that the horse had a slight colic in the winters of 1916 and 1917. The proof of loss was written by the state agent of the plaintiff, and two witnesses swear that it did not contain anything about colic. It is *held:*

Under the evidence the question of the falsity of the representation was for the jury.

Opinion filed January 2, 1920.

Appeal from the District Court of Barnes County, Honorable *J. A. Coffey,* Judge.

Affirmed.

*Winterer, Combs, & Ritchie (Lester L. Thompson,* of counsel), for appellant.

"It was the duty of the court to declare the legal effect of the proof of loss instead of leaving that question to the jury." Thomas v. Burlington Ins. Co. 47 Mo. App. 169; Irving v. Ex. Fire Ins. Co. 14 N. Y. Supp. 507.

"Parol evidence to supplement or validate lost proof is inadmissible." Cannon v. Phœnix Ins. Co. 110 Ga. 563, 78 Am. St. Rep. 124.

*A. P. Paulson,* for respondent.

Under § 7452, Compiled Laws of 1913, it is not required that a reply be filed to an answer of this nature. "When the answer contains new matter constituting a counterclaim, the plaintiff may, within thirty days, reply to such new matter. And in other cases, when an answer contains new matter constituting a defense by way of avoidance, the court may in its discretion, on the defendant's motion, require a reply to such new matter; and in that case the reply shall be subject to the same rules as a reply to a counterclaim." Cornwall v. McKinney, 9 S. D. 213, 68 N. W. 333; Gull River Lumber Co. v. Keefe, 6 Dak. 160, 41 N. W. 743.

No request having been made on the part of the defendant in this case, a reply to the answer in question is deemed waived. Power v. Bowdle, 3 N. D. 107, 44 Am. St. Rep. 511, 21 L.R.A. 328, 54 N. W. 404.

Under our system of code pleading, a reply is never necessary or proper, except for the purpose of putting in issue facts alleged in the answer by way of counterclaim, unless the court, in its discretion and on defendant's motion, requests a reply to new matter constituting a defense by way of avoidance. American Case & Register Co. v. Walton & D. Co. 22 N. D. 187, 133 N. W. 309.

The equities are all on the side of the plaintiff, and the defendant insurance company should not now be permitted to avail itself of any technicalities which it either overlooked or voluntarily abandoned before and during the progress of the trial of the action. Piedmont L. Ins. Co. v. Ewing, 92 U. S. 377, 23 L. ed. 610; Eclectic L. Ins. Co. v. Fahrenkrug, 68 Ill. 463; Mutual L. Ins. Co. v. Wiswell, 56 Kan. 765, 35 L.R.A. 258, 44 Pac. 996; New York L. Ins. Co. v. Graham, 2 Duv. 506; Boisblanc v. Louisiana Equitable L. Ins. Co. 34 La. Ann. 1167; Grangers L. Ins. Co. v. Brown, 57 Miss. 308, 34 Am. Rep. 446; Trenton Mut. Life & Fire Ins. Co. v. Johnson, 24 N. J. L. 576.

"The burden is on the insurer to show that the answers of the assured in the application were untrue, where it was claimed that the answers constituted warranties and were untrue." Indiana Farmers Live Stock Ins. Co. v. Rundell, 7 Ind. App. 426, 38 N. E. 588; Parno v. Iowa Merchants Mut. Ins. Co. 114 Iowa, 132, 86 N. W. 210; Maryland Casualty Ins. Co. v. Gehrmann, 96 Md. 634, 54 Atl. 678; Corbett v. Metropolitan L. Ins. Co. 36 App. Div. 152, 55 N. Y. Supp. 775; Mutual Reserve Ins. Co. v. Powell, 79 Ill. App. 482, 92 Ill. App. 326, 60 N. E. 806.

"A party alleging fraud must prove it." Ley v. Metropolitan L. Ins. Co. 120 Iowa, 203, 94 N. W. 568.

The proof of loss is subject to different rules of law than are applicable to the representations and warranties made in the application for insurance. Courts have recognized this distinction. Zielke v. London Assur. Corp. 64 Wis. 442, 25 N. W. 436.

Proof of loss may be waived by acts of the company. Carpenter v. Modern Woodmen, 160 Iowa, 602, 142 N. W. 411; Werner v. Fraternal Bankers' Reserve Soc. (Iowa) 154 N. W. 773.

ROBINSON, J. This is an appeal from a verdict and judgment

against the defendant for $1,000 and interest. The action is on an insurance policy. In January, 1918, at Fingal, the plaintiff owned a Belgian registered stallion, seven years old, weight, 2,000 pounds, for which he had paid $2,200. On his written application, and in consideration of $100, paid and retained, defendant made to plaintiff a policy or contract agreeing to insure him to the amount of $1,000 against loss of the animal for twelve months by death caused by sickness or accident. Four months afterwards, and on May 16, 1918, at Fingal, the animal sickened and died from strangulation of the small intestine. Due notice was given to defendant. Proof of loss was duly made as drafted by the state agent. The company refused payment on the ground that in the application for insurance the plaintiff was asked: Did the horse ever have any colic or indigestion? And his answer was: No, when, in fact, the animal had been afflicted with one or more attacks of colic in the years 1916 and 1917.

In the proof of loss, as drafted by the state agent of defendant, we have these questions and answers:

Q. 12. Was the animal ever sick before?
A. No, not to amount to anything.
Q. 13. What was the nature of the sickness?
A. Slight colic winter of 1916 and 1917.

The plaintiff, a witness to the proof of loss, swears that when it was signed it did not contain the answers given to question 13. He swears the state agent came to Fingal and made out the proof of loss. In answer to the question: Did you examine the proof of loss, his answer was, "No, sir." He signed it without reading it or examining it. He swears that he did not answer that the horse had colic at any time, and that in the making of the proof of loss nothing was said about colic. Testimony to the same effect was given by one Filter. He swears that nothing was said about colic, and on that question the jury found in favor of the plaintiff.

However, the materiality of the question is not apparent. There is no claim that the horse died of colic or slight colic or bellyache, which is not uncommon or dangerous in horses or in humans. The horse died of strangulation of the small intestine, which is always

dangerous. Were not good horses subject to slight colic, bellyache, and other ailments, there would be no reason for insuring them. When the horse was insured in January, 1918, it was a good insurable risk, though it died in May, 1918. Its condition was probably as well known to the agent and solicitor and insurance company as to the plaintiff. Insurance applications are commonly written by the expert agents and solicitors of the company who know what they are doing. The agent frames and writes the application. He frames the proof of loss and writes the same. The thing demanded of a party insuring is to pay a good premium. The rest is to a great extent form. The expert agents do, in effect, say to the insurer: You pay the premium; we do the rest.

Defendant, by its counsel, takes the position that its insurance contract was void or voidable from the beginning, because of a false representation made by the plaintiff, yet it has not attempted to rescind the contract; it has not restored, or offered to restore, any part of the $100 received for one year's insurance. It has offered no proof to show that it was deceived and misled to its injury. A party rescinding a contract must act promptly on discovering the facts which entitle him to rescind, and must restore everything of value received under the contract. Comp. Laws, § 5936. Insurance companies are too apt to play one tune when they induce a party to insure and another and very different tune when called on to pay a loss. They are too apt to pocket and retain the premium and give something in the form of a policy laden with technical niceties beyond ordinary comprehension, and then to defend against a claim of loss by some artifice or technicality. Hence those who honestly insure and pay their good money are entitled to the protection of the courts, even though in wariness, and shrewdness they are no match for the expert insurance agents.

Judgment affirmed.

GRACE, J., concurs.

BIRDZELL, J. I concur.

BRONSON, J. I concur in result.

CHRISTIANSON, Ch. J. (concurring). In the application for insurance it was stated that the horse had never had colic or indigestion. In its answer in this case the defendant averred that this was a representation of a material fact; that the defendant relied upon the representation in issuing the policy of insurance; that the representation was false and known by the plaintiff to so be at the time he made it; that in truth and in fact the horse had been afflicted with one or more attacks of colic in the years 1916 and 1917. This was the only defense asserted. The only evidence submitted by the defendant in support of this defense was the proofs of loss signed and verified by plaintiff, wherein it was stated that the horse had had slight attacks of colic in the winter of 1916 and 1917. The plaintiff, however, testified that the proofs of loss were prepared by the defendant's general agent; that plaintiff did not read them over before signing them; that in the preparation of such proofs of loss the defendant's agent did not ask plaintiff any question regarding colic, and that plaintiff at no time stated that the horse had had slight attacks of colic in the winter of 1916 and 1917; and that in fact the horse had not had such attacks. Plaintiff's testimony was corroborated by one Filter, who was present at the time the proofs of loss were prepared and signed.

Defendant asserts that this evidence was inadmissible. It contends: (1) That the statements made in the proofs of loss were conclusive upon the plaintiff; and (2) that in any event there was no foundation in the pleadings for the introduction of such evidence. In my opinion both contentions are incorrect.

The statements in the proof of loss were admissible as admissions against interest, but they were not conclusive against the assured. So far as I can ascertain, the authorities are unanimous on that proposition. See, 7 Enc. Ev. 576; see also Messersmith v. Supreme Lodge, K. P. 31 N. D. 163, 173, 153 N. W. 989.

The new matter in the answer was deemed controverted by the plaintiff as upon a direct denial or avoidance, as the case might require. Comp. Laws 1913, §§ 7467–7477.

The trial court instructed the jury that the statement in the insurance application, to the effect that the horse had never had colic, was a material representation, but submitted to the jury as a question of fact

whether the statement was true or untrue. Clearly the defendant has no cause to complain because the latter question was submitted to the jury.